**Wadsworth Howland Company v. Henry A. Foster, Administrator of the estate of Dora Goldman, deceased.**

1. Master and Servant—*Who is a Servant.*—The real test by which to determine whether a person is acting as the servant of another, is to ascertain whether, at the time when the injury is inflicted, he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or misconduct.

2. MASTER AND SERVANT—*Liability Dependent upon the Right to Direct.*—In order to be held chargeable for the acts of another, the person sought to be charged must at least have the *right* to direct such person's conduct, and to prescribe the mode and manner of doing the work.

3. MASTER AND SERVANT—*Who is a Contractor.*—One who contracts to do a specific piece of work, furnishing his own assistants and executing the work, either entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor, and not a servant.

4. MASTER AND SERVANT—*Rule of Responsibility.*—The rule is that when the employe is exercising a distinct and independent employment, and is not under the immediate control, direction or supervision of the employer, the latter is not responsible for the negligence or carelessness of the employe.

5. MASTER AND SERVANT—*Rule of Responsibility—An Application.*— A corporation engaged in the manufacture of paint, instead of owning teams to haul and deliver its goods, hired such work to be done by one S., who owned two wagons and teams. S. drove one of his teams, and an employe of his, named Gengenback, drove the other. While driving one of the teams on a public street in Chicago, Gengenback drove over a little child and caused its death. Suit was brought by the administrator of the estate of the deceased child against the corporation. It appeared that the corporation directed what was to be hauled, and where to, but nothing more. All details as to route and speed were left to S. and his drivers. *It was held* that the corporation was not liable.

**Memorandum.**—Case. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed July 12, 1893.

The opinion states the case.

APPELLANT'S BRIEF, KERR & BARR, ATTORNEYS.

As a matter of law, Smiddie was a contractor and not a servant of the defendant, and that the defendant was not liable for his action and the injury resulting therefrom, see Hale v. Johnson, 80 Ill. 185; Arasmith v. Temple, 11 Brad. 39; Quinn v. Complete Electric Construction Co., 46 Fed. Rep. 506; Weyant v. New York & Harlem Ry. Co., 3 Duer, 360; Burke v. Norwich Railway Co., 34 Conn. 474; Kelley v. The Mayor, 1 Kern, 432; Huff v. Ford, 126 Mass. 24; Wood

v. Cobb, 13 Allen, 58; Moore v. Sanborn, 2 Mich. 529; De-Forrest v. Wright, 2 Mich. 368; Quarman v. Burnett, 6 M. & W. 497; Langher v. Pointer, 5 B. & C. 547; Boniface v. Relyea, 5 Abb. Pr. (N. S.) 259; Allen v. Willard, 57 Pa. St. 874.

Roberts & Wallace on the Liability of Employers, page 14, gives in very succinct form the characteristics of the position of a master as follows:

1.  The engaging of a servant.
2.  The payment of wages.
3.  The power of dismissal.
4.  The control of the servant's actions.

The author says that if all these characteristics are found it makes a case of master and servant.

OPINION OF THE COURT, SHEPARD, J.

Appellant is a corporation engaged in the manufacture of paints, etc., in Chicago.

Instead of owning teams to haul and deliver its goods, the corporation hired such work to be done by one Smiddie, who owned two wagons and teams. Smiddie and his teams were hired by the week and he was paid weekly, but if less than a full week's work was done by the teams, or either of them, a proportionate reduction in the amount of pay was made.

On the wagons, the name of the corporation, its business and location, were painted in prominent letters. Smiddie drove one of his teams, and an employe of his, named Gengenback, drove the other.

Smiddie's name, alone, appeared on the pay roll of the corporation. The corporation settled with and paid him for all work done by both teams, and he settled with Gengenback.

In the hauling done, both Smiddie, and his driver, Gengenback, got their orders from the shipping clerk of the corporation, as to the place to haul to or from, but no directions were given as to the route by which the hauling should be done. In that respect, both Smiddie and Gengenback used their own judgment.

It appears that Smiddie did all the hauling required by the corporation, and it does not appear that he hauled for any other employer.

Smiddie had done the hauling for the corporation for two and a half years, and Gengenback had driven for him about eight months.

While driving one of the teams on a public street in Chicago, Gengenback drove over a little child and caused her almost instant death. Suit was brought by the administrator of the estate of the deceased child against the corporation, and a judgment recovered, and this appeal is from that judgment.

The question is, was Gengenback, the driver, the servant of the appellant corporation, and for whose acts, while driving, the corporation was liable.

" The real test by which to determine whether a person is acting as the servant of another, is to ascertain whether at the time when the injury was inflicted, he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or misconduct." Wood on Master and Servant, Sec. 317.

" In order to be held chargeable for the acts of another, the person sought to be charged must at least have the right to direct such person's conduct, and to prescribe the mode and manner of doing the work." Ibid., Sec. 281.

These propositions are supported by numerous authorities both in England and America, and are well settled law.

Gengenback was employed by Smiddie, was paid by Smiddie and was subject to be discharged by Smiddie.

As between the corporation and Smiddie, Gengenback was subject to the control and superintendence of the latter. The corporation had no right of control over him as opposed to Smiddie, and could neither discharge him, nor, as a matter of right, require Smiddie to discharge him. It had no right to the services of Gengenback in preference to any other driver that Smiddie might choose to employ. In short, there was no element of superior control over him by the corporation, which must always exist to create the rela-

tionship of master and servant, and render the master liable for the acts of a servant. There was an entire lack of the elements of employment—payment of wages, power of dismissal, and control of action—some of which, at least, were necessary to constitute Gengenback the servant of the corporation.

If is unnecessary to consider the cases cited by counsel for appellee holding that under some circumstances the master is liable for the acts of his servant's servant.

Smiddie's relationship to the corporation was not that of a servant.

He owned the teams, and had the exclusive care, control and management of them.

The evidence shows that the corporation paid for the work done by the two teams and two men, and that it made no difference whether Smiddie drove, or hired the driving to be done by somebody else. There is nothing in the record to show that his personal services were required in connection with the hauling. Under an agreed price per week, and a proportionately less price if both teams worked less than a full week, he furnished the two teams and a driver for each, to do whatever hauling was needed.

The corporation directed what was to be hauled, and where to, but nothing more. All details as to route and speed were left to Smiddie and his drivers.

Such a relationship is that of a contractor, rather than of a servant.

" One who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant." Hale v. Johnson, 80 Ill. 185; Alexander v. Mandeville, 33 Ill. App. 589.

In Arasmith v. Temple, 11 Brad. 39, after quoting the above with approval, other authoritative statements of the tests by which to distinguish a contractor from a servant, are given :

" The rule is, that when the employe is exercising a distinct and independent employment and is not under the immediate control, direction or supervision of the employer, the latter is not responsible for the negligence or carelessness of the employe, * * *

" Whether the service is rendered by one who, in the pursuit of an independent business, undertakes to do a specific job for another, without submitting to his control in all the petty details of the work," and " whether the party renders the service in the course of an independent occupation, representing the will of the employer only as to the results of the work and not as to the means by which it is to be accomplished. * * * the employment of one who carries on an independent business, and in doing his work does not act under the direction and control of his employer, but determines for himself in what manner it shall be carried on, does not create the relation of master and servant."

Abundant illustrations of the application of such general and abstract statements to the facts of particular cases, are given in the case cited.

Applying them to the facts of this case, as already stated, the conclusion must be drawn that Smiddie was not the servant, in a legal sense, of the appellant corporation, but held the position of an independent employment, or contractor, and that the corporation is not liable for the carelessness of his servant, Gengenback.

The judgment of the Superior Court will be reversed and the cause remanded.