GOODMAN BUSCH, APPELLANT, v. SEABOARD BY-PRODUCT COKE COMPANY, RESPONDENT.

Argued June 2, 1924—Decided October 20, 1924.

Evidence examined and *held* to show that as a court question the driver of an auto truck which injured plaintiff was not at the time a servant of plaintiff but of an independent contractor; and hence that a verdict for defendant was properly directed.

---

On appeal from the Supreme Court.

For the appellant, *Harlan Besson.*

For the respondent, *Josiah Stryker.*

The opinion of the court was delivered by

PARKER, J. This is a suit for damages on account of personal injury sustained by plaintiff through the alleged negligence of the driver of an auto truck. Plaintiff claimed that

said driver was a servant of the respondent corporation; the latter alleged that he was in the employ of an independent contractor. This dispute was the storm centre at the trial, and the appeal is mainly based on the action of the trial judge in directing a verdict for defendant on the ground that as a court question the evidence showed that the driver was not acting as a servant of defendant, but of an independent contractor. The driver and his general employer had been joined as defendants, but upon the direction as to respondent, plaintiff entered a voluntary nonsuit as to all the other defendants.

The "independent contractor" was a man named Cullum, who at the time of the accident was doing business under the name of Calumet Coke Company. This company had been organized as a corporation, but had as a practical matter ceased to function, and Cullum, who virtually owned it, was using its name. Cullum, or his concern, or both, had previously purchased coke in wholesale quantities from the seaboard company, and sold it at retail mainly in New York City. A short time prior to the accident the seaboard company had concluded to do its own selling, but in order to make deliveries, entered into a definite contract with Cullum to deliver by his trucks at stipulated prices per ton, graduated by zones of distance carried. The truck in question carried a sign reading "Koppers Coke," and in smaller letters "Seaboard By-Product Coke Co." The driver was employed and paid by Cullum; so, also, was his helper Fahrenholz. The truck was under contract of sale to Cullum from an outside vending company for a price of about $6,000, of which only $50 had been paid.

Any inference deducible from the fact that defendant seaboard company's name was painted on the truck was subject to be wiped out by uncontradicted evidence. *Mahan* v. *Walker,* 97 *N. J. L.* 304. And after a careful examination of the case we fail to discern any substantial contradiction of evidence establishing that the seaboard company neither owned the truck nor exercised any control over its operators that could be ascribed to the relation of master and servant. It was absolutely clear that the seaboard company did not

own the truck, or hire the driver, or pay him, or control him or the operation of the truck in any way beyond loading it at the plant and giving the driver the address of its destination. Thereupon, the driver would stop with his load at Cullum's office, outside of the respondent's premises, and Cullum would note on his books the contents of the delivery slip and later bill the respondent at agreed rates. It is claimed for appellant that respondent's foreman would instruct the driver whether the load should, at its destination, be shot through a chute or carried in. We think the evidence fails to support the claim, but if it does, we deem it valueless as tending to establish control of the driver's action or, indeed, anything more than an intimation as to the more convenient method of making delivery.

The evidence also showed without contradiction that Cullum was the party named in a conditional contract of sale as purchaser of the truck; that he kept it in his own garage with others; that he hired the driver and his helper, paid them their wages and checked every trip of the truck at his own office in pursuance, as we have said, of a written contract for delivery at ton rates based on character of delivery and distance, and billed respondent monthly or oftener on the basis of the schedule contained in the contract. His relations with respondent would have been quite appropriate for an express company to assume. We think the present case is controlled by the reasoning and decision in *Courtinard* v. *Gray Burial Co.*, 98 *N. J. L.* 493. The case of *Rongo* v. *Waddington & Sons*, 87 *Id.* 395, is inapplicable because that turned on the meaning of language in a statute, it is, of course, true, as suggested in that case, that one paid by one employer may act *pro hac vice* as the servant of another. The important test, as stated in the Courtinard case, is that of control of the servant's actions. There was no such control in the case at bar.

Appellant relies on the decision of the New York appellate division, in *Braxton* v. *Mendelson*, 190 *App. Div.* 278; · 179 *N. Y. Supp.* 845. It is proper to point out that in the Court of Appeals the appellate division was reversed in an opinion

supporting our present view. 233 *N. Y.* 122; 135 *N. E. Rep.* 198. On the same day was decided a similar case, *Charles* v. *Barrett,* 233 *N. Y.* 127; 135 *N. E. Rep.* 199, in which a truck owner hired his truck and driver to an express company to transport its express matter under seal between specified points. The driver was held to be the servant of the truck owner.

Certain rulings on evidence are challenged, but, for the most part, they are inconsequential. A paper-writing was shown to one of plaintiff's witnesses on cross-examination, and he was interrogated about it, but it was not offered in evidence. Plaintiff's counsel claimed the right to see it. As the witness failed to identify it, we fail to discern any theory on which opposing counsel had a right to look at it. But, in any event, counsel called for and obtained it later in the trial. Certain questions to the witnesses Dominick and Fahrenholz on plaintiff's cross-examination were excluded by the court as tending to confuse and mislead the witness. We think this action was proper. Counsel had every lawful opportunity of eliciting the testimony desired without resorting to ambiguous and veiled inferences. The discretionary control of the court was in nowise abused. The questions about the scope of duty of the helper, Fahrenholz, were both misleading and irrelevant; the latter because Fahrenholz had no voice whatever in the operation of the truck. As to the question to Fahrenholz that was overruled, the answer, if it had been affirmative, as plaintiff wished, would have proved nothing in aid of the plaintiff's claim. The question to Cullum on cross-examination was properly overruled for several reasons. It was misleading; had, in effect, been already answered; and, as it related to alleged acts of the defendant, there was nothing to show that Cullum had any personal knowledge on which to base an answer. The question to McArthur was answered, but the answer was struck out. If it had stood, it would make no difference in the result. The alleged statements of the driver, Dominick, to the police officer, denied by him on his cross-examination, the court allowed to be related by the officer for purposes of

impeachment, but properly disregarded them for any other purpose. The documents showing the contract relations of the "Calumet Coke Company" and defendant were properly admitted. The point at issue was not so much whether the Calumet Coke Company was an active corporation as whether Dominick was or was not the servant of defendant. The evidence that Cullum was the real party in interest, using the name of the Calumet Coke Company, made these papers evidential to show the terms on which he was operating.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.