## LOUIS GIROUD, RESPONDENT, v. STRYKER TRANSPORTATION COMPANY, APPELLANT.

Argued November 1, 1927—Decided February 6, 1928.

For the appellant, *Cole & Cole*.

For the respondent, *Burton C. Gaskill*.

The opinion of the court was delivered by

HETFIELD, J. This is an action on account of personal injuries sustained by plaintiff in a collision between an auto truck, driven by one Joseph Andryshowich, and a motorcycle, operated by plaintiff. The plaintiff claimed that said driver was a servant of the Stryker Transportation Company, both were joined as defendants, and a judgment for thirty thousand ($30,000) dollars was recovered against them, but only the Stryker Transportation Company has taken an appeal to this

court. The appeal is mainly based on the refusal of the trial court to grant a motion for a direction of a verdict on behalf of appellant, on the ground that as a court question, the evidence showed that the driver was not acting as a servant of appellant, but as an independent contractor.

We are of the opinion that it was error to refuse the motion for a direction, and therefore need only to consider this one ground of appeal.

The evidence, presented at the trial, against which there was no contradictory testimony, shows that the collision occurred on the 21st day of April, 1926, on the northerly side of Bay avenue, a public highway, in the city of Somers Point, Atlantic county. The auto truck was owned and operated by Joseph Andryshowich (hereinafter called the driver), who had contracted with the appellant to haul dirt or gravel from a place back of Somers Point, known as Herman Endries' property, to the Gateway Casino, where the appellant was making a fill. The contract was made by one John La-Rue, manager for the appellant, and according to its terms, the driver furnished the auto truck, paid all the operating expenses and received $2.75 per hour, being paid once a month. It was his duty, when he arrived at the place from where the gravel came, to have the truck loaded by a steam shovel, provided by the appellant, and then to proceed to the place of fill and deposit his load. At the time of the collision the driver, unaccompanied, was going for another load of gravel. The driver reported for work to one Louis Trout, who was employed by the appellant as general foreman in charge of the fill at the Gateway Casino, and who furnished a time-card to the driver and kept his time. The foreman also directed the driver where to load and where to deposit the dirt or gravel; but his principal duty was to designate where the truck should back up at the place of fill and unload. The driver had the exclusive care, control and management of the truck, and no one directed him as to what route he was to take, or at what speed the truck was to be driven.

These undisputed facts clearly indicate that the contract with the driver was not an engagement of a servant, submitting to subordination and subject momentarily to superintendence,

but of one capable of independent action, to be charged by its results, and, therefore, the relation which existed between the driver and appellant was a court question and could not be transferred to the consideration of the jury.

The question before us is whether the driver, in collecting and delivering the gravel, was a servant, for whose acts the appellant was liable under the doctrine of *respondeat superior*, or an independent contractor, for whose acts it was not liable. The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done. The appellant exercised no control over the driver in the performance of the work, other than to direct where the material should be collected and delivered. It paid an agreed compensation for the work. We are unable to hold that the doctrine of *respondeat superior* applies.

The respondent, in support of the judgment, contends, among other things, that the relation of master and servant was established by reason of the fact that the driver received certain directions and instructions from the foreman. We do not think that the fact of the appellant's agent exercising some kind of supervision for the purpose of seeing that the work was done in accordance with the contract, prevented the driver from being an independent contractor. 39 *Corp. Jur.* 1319, § 1521 d.

In *Little* v. *Hackett,* 116 *U. S.* 366; 29 *L. Ed.* 652; 6 *Sup. Ct. Rep.* 391, in an opinion by Mr. Justice Field, it was held, quoting from the syllabus:

"A person who hires a public hack, and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence."

In *Wadsworth-Howland Co.* v. *Foster,* 50 *Ill. App.* 513, the court held that one who does teaming work for a person who merely directs him what to haul and where to, and leaves all details of the work to the employe, is a contractor, not a servant.

The case of *Lacombe* v. *Cudahy Packing Co.*, 103 *N. J. L.* 651, is in point. The company was engaged in the sale of meats, and delivered its products to customers in Essex county. The truck which it used for delivery purposes broke down. It hired a truck from one Dawkins, for the purpose of making deliveries of meats, which was driven by one McEwan, a servant of Dawkins. The packing company paid $25 per day, and Dawkins paid the driver and all operating expenses. The company placed a man on the truck by the name of Gibney to show the driver where to go. Gibney attended to the details of the deliveries, but had nothing to do with the operation or control of the truck. While thus engaged, the truck struck a woman, who brought suit against the packing company and Dawkins. The trial court directed a nonsuit, in favor of the packing company, upon the grounds that the truck was under the control and operation of Dawkins' servant at the time of the accident. This court held that the nonsuit was properly granted, and Mr. Justice Katzenbach, in delivering the opinion, said: "The controlling question is, who was in control and operation of the vehicle at the time the accident occurred? The one who is in control and operation, either personally or by a servant, is the one who must respond in damages to the person injured if negligent operation of the vehicle is proven. * * * It is quite immaterial how many stops or how many directions were given so long as the control and operation of the truck was that of Dawkins, the independent contractor."

The legal principles which control in this case were also applied in *N. Y., L. E. & W. R. R. Co.* v. *Steinbrenner,* 47 *N. J. L.* 161; *Courtinard* v. *Gray Burial, &c., Co.,* 98 *Id.* 493; *Busch* v. *Seaboard By-Products Coke Co.,* 100 *Id.* 304.

The respondent contends that the present case should be distinguished from the cases just cited, because the owner, instead of a servant, was operating the truck. We cannot see how this in any manner differentiates the legal principle.

Respondent also relies, to some extent, upon the case of *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598, to sustain his contention that the driver, in the case at bar, was

a servant, and not an independent contractor. The operator of the auto truck, in the case cited by respondent, was an agent of the company, under contract to devote his whole time and endeavors to the company's business, and agreed to conform to all of its rules and regulations. The company, thereby, not only directed the result to be accomplished, but controlled the manner in which it was to be done, and, therefore, the operator was conducting his master's affairs at the time of the accident, and a master is bound to see that his affairs are so conducted that others are not injured. It is the right to control which fixes the liability. The Supreme Court properly held that the operator of the car was a servant, and not an independent contractor. In the present case, conditions are entirely different, for the reasons already stated.

There being no evidence upon which the liability of the appellant can be supported, the judgment against appellant will therefore be reversed.

*For affirmance*—BLACK, J.   1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   13.