Weygandt, C. J.
 

 Was the Court of Appeals correct in its view that the evidence in this case presents a question of fact that must be submitted to a jury?
 

 Counsel agree that the defendant Leonard was operating as a “transportation company” within the intendment of Sections 614-2 and 614-84 of the General Code. He owned no trucks, but he styled himself a motor freight broker. It was his practice to solicit Akron, Ohio, shippers who had freight for the vicinity of Buffalo, New York. Whenever he procured a shipment he called one of a group of approximately twenty truck owners, who, upon receipt of this information, went to the establishment of the shipper for the load. At this juncture the truck owner or operator signed a uniform bill of lading provided by Leonard. Then the truck owner was free to choose his route to Buffalo, except that he was required to stop at a certain gasoline station near Ripley, New York. There he signed
 
 *269
 
 a register provided by Leonard, and also received Communications from Leonard as to other freight to be hauled. Each truck owner supplied his own oil, gasoline, tires and repairs. The tariffs were collected by Leonard who in turn paid the truck owners a fixed price per ton mile.
 

 The truck involved in the instant litigation was owned by a man named Hixson, and was driven by a son of the owner. The bill of lading was signed:
 

 “A & B Fast Freight Company,
 

 “Per Hixson, Agent.”
 

 After obtaining his load of freight Hixson proceeded on his way until he discovered that one of his tires was flat. He stopped in order to make the necessary repairs, and before these were completed the collision occurred.
 

 It is the contention of the defendant that there is no evidence tending to establish agency. He insists that the status of Hixson is shown to be that of an independent contractor. This was the view adopted by the trial court. However, the Court of Appeals followed a different theory by holding that under the provisions of Section 614-99, General Code, the defense of independent contractor is not available to the defendant inasmuch as he had not furnished a bond or insurance policy or procured a certificate from the Public Utilities Commission. In part this. section reads as follows:
 

 “No certificate of convenience and necessity shall be issued by the commission to any motor transportation company until such motor transportation company shall have filed with the commission a liability insurance policy or bond satisfactory to the commission in such sum and with such other terms and provisions as the commission may deem necessary adequately to protect the interests of the public having due regard for the number of persons and amount of property af
 
 *270
 
 fected, which policy, policies or bonds shall insure the motor transportation company against loss sustained by reason of the death of or injuries to persons and for loss of or damage to property resulting from the negligence of such motor transportation company, and shall have filed with the commission a freight cargo insurance policy or bond adequately to protect the interests of the shipping public, which policy or bond shall insure the motor transportation company against all loss in excess of fifty dollars sustained by reason of any loss or damage to the property being transported * * .”
 

 The Court of Appeals expressed the view that although this statute does not expressly so provide, nevertheless by necessary inference every “transportation company” is made primarily liable to the public for all injuries caused by trucks transporting freight for it unless a proper bond has been executed or an insurance policy furnished. It was pointed out that the Legislature exacted a bond or insurance policy from “transportation companies” but not from truck owners or operators, and therefore it must have been intended to hold such companies liable for all injuries occasioned by trucks carrying freight for them, because otherwise it would be possible to operate freight trucks without the protection of a bond or insurance policy so long as the owner or operator is not a “transportation company.”
 

 This court finds itself unable to agree with the views, of either the trial court or the Court of Appeals. The important problem presented by the latter court seems to be one that should be solved by means of clear and definite legislative enactment rather than by questionable judicial inference. In other words this court is of the opinion that under the present statute the ordinary rules of agency have not been abrogated.
 

 Furthermore, this court is of the view that the plain
 
 *271
 
 tiff produced substantial evidence clearly tending to prove that Hixson was an agent and not an independent contractor. Until the defendant produces his evidence it remains uncontradicted that he provided uniform bills of lading for the use of his twenty truck owners and operators; that the forms designated the signers as agents of Leonard; that Hixson was so authorized and did so affix his signature; that Hixson and the other truck operators were required to stop at the Ripley gasoline station, sign the register, communicate with Leonard and haul any additional freight designated by him; that the tariffs were collected by Leonard ; that he then paid the truck owners or operators a fixed price per ton mile; and that Leonard furnished Hixson an identification card containing the following wording:
 

 “This is to identify Wesley Hixson, truck operator for our company.
 

 “A & B Fast Freight Company,
 

 “PerLeonard, Traffic Manager.”
 

 Certainly the cumulative effect of these facts is consistent with the theory of agency and inconsistent with that of independent contractor.
 

 In conformity with the foregoing views the judgment of the Court of Appeals is affirmed.
 

 '
 
 Judgment affirmed.
 

 Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.