In each case the defendant claims that at the time of the collision the trucking equipment was being operated by an independent contractor to whom had been delegated the duty of transporting the freight. Therefore the single question now requiring the consideration of this court is whether a common carrier by motor truck may relieve itself of tort liability by delegating its duties to an independent contractor.
The defendants rely upon the decision of this court in the case of Leonard v. Kreider, 128 Ohio St. 267, 190 N.E. 634, in which it was held that "no rule of law as to independent contractors is abrogated by Section 614-99, General Code, relating to motor transportation companies." However, subsequently to the collision in the Kreider case the Legislature amended many existing statutes and added Sections 614-103 to 614-128, General Code, inclusive. The powers of the Public Utilities Commission have been extended to include the supervision and regulation of "private motor carriers" and "motor carrier transportation agents." Before operating, the former must obtain a permit from the commission, and the latter must secure a license therefrom. Both must furnish bonds for the protection of the public, as do motor transportation companies. Apparently the Legislature intended to protect the public against loss from negligence on the part of anyone using the highway in the business of transportation by motor truck. Therefore the trial courts were correct in charging the juries that these defendants could not escape liability by delegating their duties to independent contractors.
In the Duncan case the defendant complains that the trial court charged the jury that a violation of a rule of the Public Utilities Commission would constitute negligence per se.
However, an examination of the file discloses *Page 488 
that this question was not urged by the defendant in his brief in the Court of Appeals.
It is the opinion of this court that the judgments in these cases must be affirmed.
Judgments affirmed.
WEYGANDT, C.J., DAY, ZIMMERMAN and WILLIAMS, JJ., concur.
MATTHIAS, MYERS and GORMAN, JJ., concur in the affirmance of the judgment in cause No. 26492 but dissent in cause No. 26642.