AMERICAN CARRIER CORPORATION, PROSECUTOR, v. FRANK AVIGLIANO ET AL., DEFENDANTS.

Submitted October 16, 1939—Decided December 26, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *James J. Carroll* (*Clarence B. Tippett,* of counsel).

For the defendants, *Edwin Joseph O'Brien.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case, arising out of a fatal accident. The only question now presented is whether deceased was an employe or an independent contractor. The bureau adjudged that he was an employe, and awarded accordingly. The accident occurred in Pennsylvania, and hence the present writ went directly to the finding by the deputy commissioner, without an appeal to the Common Pleas.

The prosecutor, a corporation of this state, engaged in the transportation of freight by motor vehicles, operated between

New York, Newark, Scranton, Pennsylvania, and elsewhere. It advertised in a newspaper: "Truckmen wanted: guaranteed to earn $40 per week; must be able to purchase their own truck from us: call" (a telephone number.) Deceased responded, and as the result of a conversation with the president of prosecutor, a contract was made, which included a conditional sale by prosecutor to deceased, of a tractor and trailer. The contracts of conditional sale are not in evidence, but are recited in two documents in the form of conditional bills of sale of the same tractor and trailer by the prosecutor corporation to a finance company, subject to the contract of sale to the deceased. The terms of employment, so far as testified to by a former clerk of the prosecutor, called for the "employment" of the deceased by the prosecutor, and apart from the sale of the tractor and trailer, were "that his salary was to be $40 per week based on three trips a week" (to Scranton) and "if he was to make over three trips he would be given a bonus." On cross, the witness said he would not say "a salary of $40 a week" was the exact words; but that when he heard the conversation about $40 for three trips, he concluded that it "was to be on the basis of a salary." For the prosecutor, its former president testified to making the agreement with deceased; and said that deceased "purchased the tractor and the trailer to haul merchandise for us * * * on a specified amount per ton, and he was to assume all expenses and also pay notes on the tractor trailer unit." His compensation was to be $3.60 a ton to Scranton and $4 a ton to and from Binghamton. Apart from the destinations named, no other instructions were given. It was conceded that under interstate commerce rules, deceased could not operate under his own name but could operate under the name of prosecutor. It further appeared that the company officials prescribed the route, loaded the truck by their own employes and sent an employe with him.

The question is a somewhat close one, but our conclusion is that the deputy commissioner properly decided it. The case seems to be distinguishable from *Busch* v. *Seaboard, &c., Co.*, 100 *N. J. L.* 304, particularly in that in the Busch case

the truckman employed the driver and helper, was not himself operating the truck, and (while the point may be unimportant) had purchased the truck not from the alleged employer, but from an outside concern. We think the evidence indicates such control over the conduct of deceased in doing his work as to negative the theory of independent contractor.

The writ will therefore be dismissed, with costs.