### VENUTO et al. v. ROBINSON et al.

### No. 7521.

Circuit Court of Appeals, Third Circuit.

March 14, 1941.

Rehearing Denied March 31, 1941.

680

Charles A. Rooney of Jersey City, N. J. (Gustave A. Peduto, of Jersey City, N. J., on the brief), for appellant.

Jacob M. Goldberg, of Newark, N. J. (Nicholas T. Fernicola and Jacob M. Goldberg, both of Newark, N. J., on the brief), for plaintiffs-appellees.

Before MARIS, CLARK, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

C. A. Ross, Agent, Inc., defendant below, appeals from judgments entered against it, upon verdicts, in actions brought to recover damages arising out of a collision in New Jersey on July 3, 1937, between two automobiles and a truck operated by one Robinson. Appellant contends that there was insufficient evidence to establish that Robinson was its servant at the time of the accident and that the court below erred in denying its motion for directed verdicts. It is further contended that prejudicial error was committed in various rulings upon evidence. Although Robinson was also a party defendant below he permitted judgment to go against him by default and he is not a party to this appeal.

C. A. Ross, Agent, Inc., was engaged in the trucking business as a common carrier between points in North Carolina and New England. Apparently it had more business than it could handle with its own trucks and it entered into an arrangement with Robinson who owned a tractor and trailer unit and another truck. The critical question at the trial was whether under this arrangement Robinson was an independent contractor or was the servant of the appellant. The appellee strenuously contends that there was sufficient evidence upon this point to raise a jury question.

Viewing the evidence in the light most favorable to the plaintiff the following facts may be found: Robinson had done no hauling except for work received from Ross for a period approximating six months to a year prior to the collision. He had no office, telephone, stationery, bills of lading or freight bills. He had no arrangements or direct contacts with any shippers, but he received sufficient work or business from Ross to keep him busy. There is evidence that the parties called the arrangement between them a lease of the Robinson equipment to Ross. At the time of the collision Robinson was hauling a load of merchandise which had been delivered to Ross by the shipper. The bills of lading were signed by the Ross dispatcher, Herman, in New York. The rates charged were those established in Ross' published tariff. The freight bills covering the shipment bore the statement:

"Received Above Articles for Delivery as Shown
C. A. Ross, Agent, Inc.,
By ........................
Driver."

Herman inserted Robinson's name in the blank space. On the same paper under the statement, "Received payment for the company," Robinson signed his name. Herman also prepared the manifest covering the load and inserted Robinson's name after the word "driver". After the accident Robinson telephoned the Ross home office in North Carolina for instructions regarding the disposition of his load. Although the trailer bore the name of the Ross company thereon, it was conceded by the plaintiffs that Robinson was the owner of the tractor and trailer. Since a finding of agency arising out of the name on the vehicle depends upon the inference that the vehicle is owned by the person whose name appears thereon, Wigmore on Evidence, 3d Ed., § 2510a, the concession of ownership in Robinson removes any evidential value from the fact that Ross' name was on the vehicle.

The agreement of employment between C. A. Ross, Agent, Inc., and Robinson was made in North Carolina. Nevertheless, Robinson being in New Jersey in pursuance of the business which was the subject matter of the contract, the law of New Jersey is the one to be referred to in determining the rules of liability arising from the relationship of the parties. The first of these questions is whether the relationship between Ross and Robinson was that of master and servant or employer and independent contractor. This is to be determined by the law of New Jersey. Restatement, Conflict of Laws, § 387. Ordinarily, the problem of determining, upon evidentiary facts whether the relationship between two parties is that of master and

servant or employer and independent contractor is one to be answered by the triers of the facts. Restatement, Agency § 220. But here, as in many other places in the law, answers to the fact questions have been crystallized through judicial determination. If facts comparable to those in this case have been crystallized into judicial rule in New Jersey, that rule governs in the federal court. Compare Stoner v. New York Life Ins. Co., 1940, 61 S.Ct. 336, 85 L.Ed. ——.

■ The problem then becomes one of fact matching of various decisions to see whether a set of facts under consideration is covered by the adjudicated cases. Obviously, the problem is, in most instances, a matter of judgment for an exact duplication of one piece of litigation by another is never found. But an examination of New Jersey decisions convinces us that, in situations where the facts establishing the independent contractor relationship were weaker than in the instant case, the courts have held the relationship between the parties to be that of employer and independent contractor. See Courtinard v. Gray Burial & Cremation Co., 1923, 98 N.J.L. 493, 121 A. 145; Busch v. Seaboard By-Product Coke Co., 1924, 100 N.J.L. 304, 126 A. 311; and especially Giroud v. Stryker Transp. Co., 1928, 104 N.J.L. 424, 140 A. 305. American Carrier Corp. v. Avigliano, 1939, 123 N.J.L. 490, 9 A.2d 788, in the Supreme Court of New Jersey, seems to incline a little the other way. It was a Supreme Court case, however, while the other decisions cited are by the Court of Errors and Appeals. The decision, also, seemed to overlook the point that the accident which was the subject of the litigation took place in Pennsylvania, not New Jersey, though the claim for compensation was made in the latter state. No useful purpose would be served in a detailed recital of the facts of these cases which are already set out in the reports. They convince us that upon the facts as presented here New Jersey decisions establish the relationship in this case of Robinson to Ross as that of an independent contractor. It follows, therefore, that the trial court was in error in failing to give the binding instructions on this point requested by the defendant.

Since we determine the master-servant issue in favor of the defendant it becomes unnecessary to discuss the alleged errors raised in admission and exclusion of evidence bearing upon this issue. The main question being so decided the subordinate questions now become irrelevant.

■■ But the determination that Robinson was an independent contractor does not settle the merits of this litigation. There are many situations in the law where an employer of an independent contractor is liable for the results of negligence of the contractor in the carrying out of the undertaking for which he is employed. Among these situations is that where the work to be done may not lawfully be carried on except under a franchise to the contractor's employer. The rule is stated in the Restatement of Torts, § 428: "An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

The applicability of this rule is, like that of the determination of the servant or contractor question, a matter of New Jersey law. Restatement, Conflict of Laws, § 387, comment c. No New Jersey case has been found dealing directly with the point. But in the absence of direct local authority it seems to us proper to rely upon the Restatement of the Law as evidence of the law of the State.

■ That the language above quoted covers the facts of the instant situation cannot be doubted. Inter-state motor carriage is now regulated by elaborate rules and regulations set out in the Motor Carrier Act of 1935[1] and the regulations thereunder. The carriage of freight in high powered motor vehicles on public highways is certainly business attended with very considerable risk. The rule stated has been applied in cases against railroads to hold a lessor railroad liable even where the relationship has been lessor and lessee without even general control or direction by the lessor over the lessee. See annotation, 28 A.L.R. 122, and following. The application to one employed by a common carrier by motor truck upon the public highways is an even clearer case. See Duncan v. Evans, 1938, 134 Ohio St. 486, 17 N.E.2d 913, affirming Duncan v. Evans, 1937, 60 Ohio App. 265, 20 N.E.2d 729; Bates Motor

---

[1] Motor Carrier Act of 1935, 49 Stat. 543, 49 U.S.C.A. § 301 et seq.

Transp. Lines, Inc. v. Mayer, 1938, 213 Ind. 664, 14 N.E.2d 91.

The defendant, however, contends that the plaintiffs may not recover on any theory other than that of respondeat superior. The plaintiffs' complaint made the following allegations:

"At the same time and place aforesaid, the defendant, Lewis L. Robinson, in and about the business of the defendant, C. A. Ross, Agent, Inc., a corporation, and while acting within the scope of his employment, was operating a truck and trailer in a westerly direction along and upon Edgar Road aforesaid.

"It thereby became and was the duty of the defendant, C. A. Ross, Agent, Inc., a corporation, by its servant, agent or employee, Lewis L. Robinson, to exercise reasonable care in the maintenance, operation and control of said truck and trailer, so as to avoid causing injury and death to other persons then and there lawfully upon said public highways."

These allegations are broad enough to allege liability on the part of the defendant, Ross, for the negligence of Robinson in conducting business for Ross. Whether that liability is based upon the responsibility of a master for his servant or upon the vicarious liability of an employer of an independent contractor we do not deem material, at least after trial. Federal Rules of Civil Procedure, rule 15 (b), 28 U.S.C.A. following section 723c. The facts were thoroughly developed and if the defendant had felt it had ground for complaining of a variance between allegations and proof it should have made the point during trial. We see no way in which the defendant's presentation of its case could have been prejudiced in this instance, since there was no dispute over the essential facts from which Ross' liability flows. Liability, of course, is a legal conclusion from facts pleaded and proved, not the statement of a fact itself. In this case it was not alleged in the complaint that the defendant, Ross, was engaged in the business of operating motor vehicles on the public highway for hire as a common carrier. But this fact was fully developed at the trial and not the subject of dispute between the parties. There is not the remotest argument that the defendant could have been prejudiced for lack of this allegation.

The defendant has consistently and strenuously contended that the plaintiff, under his complaint, cannot recover on the basis of any statutory liability. But the plaintiff is not seeking to do so. The basis of his claim is the common law responsibility of one person for the negligent acts of another. The most common instance of such liability is that of a master for torts of a servant committed in the scope and course of employment. But that is not the only instance, even at common law. Similar liability for acts of an independent contractor in some situations has long been the rule, and the scope of this doctrine has been steadily widened in recent years. While there is no master and servant relationship here, there is vicarious liability for acts of an independent contractor; the same result on a somewhat different theory, but each a product of that system of growth by judicial decision which we call the common law.

The rule of the defendant's liability for the acts of an independent contractor was made a point for charge by the plaintiffs at the trial. The trial judge refused the instruction. The issue of the driver's negligence, the extent of the plaintiffs' injuries, the fact of employment of the defendant, Robinson, by the defendant, Ross, were all issues litigated at the trial. The jury found for the plaintiff. That finding cannot be sustained upon the basis that Robinson was the servant of Ross. But it can be sustained on the basis that Ross was engaged in the type of business wherein the negligence of a person employed by him as an independent contractor is a matter for which he is made responsible. Therefore the error in the failure to give binding instructions on the master-servant issue was non-prejudicial. Metropolitan Life Ins. Co. v. Banion, 10 Cir., 1939, 106 F.2d 561. The plaintiffs have, upon the whole case, established facts which entitle them to recover.

The judgments of the District Court are affirmed.