## Quinn v. Revoir, etc.

*Quinn, Leemhuis, Plate & Dwyer,* for plaintiff.

*Brooks, Curtze & Gent,* for Marie Revoir, administratrix, and Spector Motor Service.

*Gifford, Graham, MacDonald & Illig,* for Wenham Transpor. Co. and Glen Vesper, administrator.

EVANS, P. J., January 13, 1954.—Preliminary objections have been filed in behalf of all of the defendants objecting to service of the bill of complaint under the provisions of the Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201.

The facts set forth in the bill which we must, for our purposes, here accept as true are as follows:

Donald Revoir, owner and driver of a truck hauling a trailer owned by himself and Halfquist was proceeding westwardly on U. S. Route 5 in the County of Erie, Pa. He was carrying freight between States for the Spector Motor Company, a common carrier with a certificate of public convenience. Neither Revoir nor Halfquist had such certificates.

Edgar Vesper, the owner of a tractor and trailer, was traveling eastwardly on the same highway and at the time was transporting between States freight for the Wenham Transportation Company, a common carrier with a certificate of public convenience. Vesper had no such certificate.

As the result of a collision between these two trucks in Erie County, Pa., both drivers were killed, as was Beulah Janet Playful Dennis who at the time was traveling as a passenger in the truck driven by Donald Revoir.

The administrator of this deceased passenger entered suit against the estates of both deceased drivers and against Spector Motor Company and Wenham Transportation Company. Glen Vesper, administrator of the estate of Edgar Vesper, is a resident of Ashland, Ohio. Marie Revoir, administratrix of the estate of Donald W. Revoir, resides at Oaklawn, Ill. Spector Motor Service, Inc., and Wenham Transportation Company are corporations with their principal office or place of business in Chicago, Ill. All four defendants were served through the Secretary of Revenue in Penn-

sylvania under the provisions of the above-recited Act of 1929 as amended.

We are of the opinion that the objections to the service upon defendant Marie Revoir, administratrix, and upon Glen Vesper, administrator, must be sustained. The Act of 1929 authorizes service through the Secretary of Revenue of the Commonwealth of Pennsylvania upon any nonresident of this Commonwealth being the owner or operator of any motor vehicle who is involved in an accident within said Commonwealth. Such service is also made valid as to anyone having a motor vehicle operated within the Commonwealth if such vehicle becomes involved in an accident or collision. It does not authorize such service upon the personal representative of deceased operators or owners who have their residence and authority in another State and who cannot be served within this State: A. L. I. Restatement of the Law of Conflict of Laws, §512: McElroy v. George et al., 76 D. & C. 231; Minehart v. Shaffer, 86 Pitts. L. J. 317.

We are of the opinion, however, that Spector Motor Service, Inc., and Wenham Transportation Company have been properly served in accordance with the provisions of the Act of 1929, as amended, and must enter a defense to the action entered at the above term and number in Erie County, Pa.

They alone had the authority to transport shipments across the State of Pennsylvania. Under the regulations of the Interstate Commerce Commission the transportation could not legally have been furnished without the certificates of public convenience issued to the corporate defendants. Whether these defendants constituted Vesper or Revoir as agents and employes or as independent contractors is unimportant. The Motor Carrier Act of August 9, 1935, Interstate Commerce Act, Part II, 49 Stat. at L. 543, as amended, 49 U. S. C. §301, has many requirements concerning, inter alia, financial

worth, insurance coverage and proper equipment as a prerequisite for the securing of a certificate of public convenience to engage in interstate transportation of goods. The responsibility and privilege cannot be delegated to anyone else not having received the same authority. Were this not the case, the Federal Motor Carrier Act and the regulations thereunder would be rendered entirely ineffective. Kissell et al., Trustees, et al. v. Motor Age Transit Lines, Inc., et al., 357 Pa. 204. In the Kissell case, which arose in this county, we held that the Lyons Transportation Company, which transported merchandise under an ICC permit, was as a matter of law liable for any negligence of a truck driver of the equipment used in said transportation, irrespective of the fact that Lyons had a contract with the driver's employer, Direct Transportation Company, which had no such permit, to carry the shipment and assume all liability for negligence in connection therewith. That holding was categorically affirmed by the appellate court.

It is a presumption of law that defendant parties intended a legal relationship in connection with the enterprise engaged in at the time of the accident: Kimble v. Wilson et al., 352 Pa. 275.

It therefore follows in this case that Spector and Wenham are the principals liable for any negligence of the drivers, Vesper and Revoir, and the fact that both drivers were killed in the accident remains unimportant insofar as the liability of these principals is concerned. They were the ones engaged in interstate transportation of goods under certificates of public convenience and were as a matter of law responsible for any negligence of which Vesper and Revoir were guilty. See A. L. I. Restatement of the Law of Torts, §428; Venuto et al. v. Robinson et al., 118 F. 2d 679; Hodges et al. v. Johnson et al., 52 F. Supp. 488.

Counsel for the corporate defendants cite Stouffer v. Eastern Motor Dispatch, Inc., 80 D. & C. 30, as authority for their position that the service is invalid. In view of the appellate decisions hereinbefore referred to, we must respectfully disagree with the conclusion there reached.

*Order*

And now, to wit, January 13, 1954, the preliminary objections filed November 6, 1953, on behalf of Marie Revoir, administratrix of the estate of Donald W. Revoir, deceased, and on behalf of Glen Vesper, administrator of the estate of Edgar A. Vesper, deceased, are sustained; said preliminary objections on behalf of defendants Spector Motor Service, Inc., a corporation, and Wenham Transportation Company, a corporation, are overruled and discharged. The corporate defendants are allowed 15 days within which to file an answer.