**COSTELLO v. SMITH et al.**
No. 72, Docket 21438.

United States Court of Appeals
Second Circuit.

Argued Nov. 3, 1949.

Decided Jan. 19, 1950.

716

Goldstein & Peck, Bridgeport, Conn., for appellants; Bernard S. Peck, Bridgeport, Conn., and Bernard Glazer, Bridgeport, Conn., of counsel.

Philip Robert Shiff and Pelgrift, Dodd, Blumenfeld & Nair, Hartford, Conn., for appellee; Philip Robert Shiff, New Haven, Conn., and Delancey S. Pelgrift, Hartford, Conn., of counsel.

James A. Murray, Gerald E. Jessup and Thomas J. Delaney, Washington, D. C., for Interstate Commerce Commission, which filed a brief as amicus curiae at the request of this court.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This action seeks damages for personal injuries sustained by Sara Agnello, deceased (Josephine Costello, administratrix of her estate), and John A. Del Mastro, when the automobile in which they were riding, driven by Del Mastro, came into collision with a tractor-trailer truck owned by defendant Withers and driven by his employee Smith. Federal jurisdiction is based on diverse citizenship.

The accident happened in Bridgeport, Connecticut. The truck was returning from a trip to Providence, R. I. on which it had been under lease to Johnson Motor Lines, Incorporated of Charlotte, N. C. The jury found a verdict for the administratrix in the sum of $10,350 and for Del Mastro in the sum of $400 against Withers and Smith. A verdict was directed in favor of Johnson Motor Lines. The main issue on appeal is whether the court erred in directing such verdict. The parties have stipulated that if the direction was erroneous, the verdict entered against the individual defendants may also be entered against the corporate defendant.

The question presented for decision is whether a common carrier of freight by motor vehicle, who possesses a certificate issued under Part II of the Interstate Commerce Act and employs an independent contractor, who does not possess such a certificate, to transport interstate freight under a "one-way" lease of the contractor's trailer-truck, is liable for a highway accident caused by the negligence of the contractor's truck-driver on the return trip of the empty truck.

Johnson Motor Lines, Incorporated (for brevity called Johnson) is a common car-

rier of freight by truck. It is authorized to operate under a certificate of public convenience and necessity issued by the Interstate Commerce Commission, 49 U.S.C.A. § 306. Defendant Withers has no certificate authorizing him to operate his truck in interstate commerce. His business consists of leasing his equipment to authorized motor carriers for the transportation of freight under their billing. He had no liability insurance on his truck on the date of the accident. By a lease dated November 7, 1947 Johnson leased Withers' tractor-trailer truck to transport freight from Charlotte, N. C., to Providence, R. I. Smith was employed by Withers as driver of the truck. The truck was laden with freight in Charlotte, shipped under bills of lading issued by Johnson, who instructed Smith to deliver it at Johnson's terminal in Providence, and Smith did so. To enable the truck to be operated in commerce Johnson delivered to Smith its Interstate Commerce Commission Identification Sign reading: "Operated by Johnson Motor Lines Incorporated, Charlotte, North Carolina, MFICC 106401," to be affixed to the vehicle. Upon delivery of the freight at Johnson's terminal in Providence, Johnson paid to Smith the rental provided by the lease agreement and received back the above mentioned Identification Sign. The lease provided that upon discharge of the load at destination the lessee will immediately "deliver said vehicular equipment into the possession of the lessor or its agent at the point of discharge and all obligation and responsibility of the lessee under the terms of this lease shall immediately cease." After delivering the freight at Providence Smith was unable to procure a return load from Johnson and proceeded empty on his way south, hoping to pick up freight en route. He had not succeeded in doing so when the accident happened in Bridgeport on November 12, 1947. Johnson was under no obligation to furnish a return load of freight and it was not customary for Johnson to do so. Withers had previously leased his equipment to Johnson for other trips, as well as to other carriers.

It is conceded that if the collision had happened on the out-bound trip to Providence, Johnson as lessee of the truck would have been liable for the truck-driver's negligence. A number of cases have so held.[1] This is on the principle that one who can lawfully operate only under a public franchise cannot escape liability by engaging an independent contractor to carry on the activity for him. Restatement, Torts, § 428. It is an exception to the independent contractor rule. However, that principle does not reach the present case. Here the independent contractor, Withers, had performed his contract with Johnson, the truck had been redelivered to Withers' agent Smith, and in returning to Charlotte, N. C., Smith was engaged on Withers' business, not on Johnson's. On general principles of agency Smith's negligence cannot be imputed to Johnson.

The appellant argues that the exception to the rule of non-liability for the torts of an independent contractor should cover the return trip of the truck no less than the outbound trip. The argument, if we understand it, relies both on the federal statute and on the local law of Connecticut. As to the former, it is urged that to permit Johnson to escape liability will subvert the policy of the Act in so far as it seeks to provide for protection of the public. See §§ 304(a) (3), 315. Such appears to have been the view of Judge Barksdale in Hodges v. Johnson, D.C.Va., 52 F.Supp. 488. With due respect we are constrained to disagree. So far as concerns the safety of the public, determination of what regulation is required rests with the Commission; the legislative grant is not to the courts. So long as the properly constituted authority is content not to regulate further than it

1. Venuto v. Robinson, 3 Cir., 118 F.2d 679, certiorari denied 314 U.S. 627, 62 S.Ct. 58, 86 L.Ed. 504; War Emergency Co-op. Ass'n v. Widenhouse, 4 Cir., 169 F.2d 403, certiorari denied 335 U.S. 898, 69 S.Ct. 300; Kemp v. Creston Transfer Co., D.C.Ia. 70 F.Supp. 521; Skutt v. Dillavon, 234 Ia. 610, 13 N.W.2d 322, 155 A.L.R. 327; Frank Martz Coach Co. v. Hudson Bus Transp. Co., 23 N.J.Misc. 342, 44 A.2d 488.

has the operation of empty trucks after the termination of a "one-way lease," the courts may not properly by judicial decision supplement the Commission's regulations. The Act itself does not prescribe conduct for Withers. He was not a "common carrier by motor vehicle" as defined in § 303(a) (14) of the Act; hence he needed no certificate under § 306. Nor was he a "contract carrier" as defined in § 303(a) (15) requiring a permit under § 309. This is conceded in the supplemental briefs of the parties and the brief of the Commission as *amicus curiae*.[2] Whether he was a "private carrier of property by motor vehicle" as defined in § 303(a) (17) we need not say.[3] The Commission's brief states that "Private carriers are subject to the Act only with respect to safety of operations, hours of service of employees and standards of equipment, as indicated in Section 204(a) (3)"; and in none of these respects was Withers shown to have been in default. Nor do the present regulations forbid a common carrier such as Johnson from making a one-way lease with an independent contractor such as Withers.[4] In the absence of statutory command or of regulatory action by the Commission, we cannot say that a one-way lease is so far contrary to the policy of the Act that a court should impose liability on the lessee after the lease has ended.

■ Nor has any Connecticut decision been brought to our attention which would require or permit the imposition of such a liability under the local law. The appellant urges that in the absence of specific local authority we should rely upon section 427 of the Restatement of Torts as evidence of the law of Connecticut. The principle there stated is that "one who employs an independent contractor to do work which is inherently dangerous to others is subject to liability for bodily harm caused to them by the contractor's failure to exercise reasonable care to prevent harm resulting from the dangerous character of the work." It may well be doubted whether a trailer-truck is an intrinsically dangerous instrumentality to be classed with ferocious animals or high explosives in applying the above-quoted principle. See Greeley v. Cunningham, 116 Conn. 515, 165 A. 678; Restatement, Torts, § 427, Comment (a). But in any event, the principle assumes that the person held liable "employs" an independent contractor to do dangerous work. Johnson's employment of Withers ended with discharge of the cargo of the truck at Providence. While it was probable that Smith would drive the truck back to Charlotte, N. C. it was immaterial to Johnson whether or not he did so. It was no part of the venture for which Johnson had employed the independent contractor that the truck should return empty.[5] As soon as the load was discharged at Providence Smith was at liberty to obtain another load to transport in any direction for another carrier authorized under the Act.

2. The cases cited by the Commission establish that a contract carrier is one who transports for a limited number of shippers under special contracts designed to meet their particular needs. Pregler Extension of Operations, 23 M. C. C. 691, 695; Craig Contract Carrier Operation, 31 M. C. C. 705, 708. Such a carrier is said to be "virtually a part of each shipper's organization." Transportation Activities of Midwest Transfer Co., 49 M. C. C. 383, 390. The term "contract carrier" does not apply to one who furnishes equipment and a driver under a lease to common carriers to be operated under their control. Dixie Ohio Express Co., Common Carrier Application, 17 M. C. C. 735, 740; N. E. Rosenblum Truck Lines, Contract Carrier Application, 24 M. C. C. 121, 125; United States v. Rosenblum Truck Lines, 315 U.S. 50, 62 S.Ct. 445, 86 L.Ed. 671.

3. See Wasie Common Carrier Application, 4 M. C. C. 726; United Truck Lines, Inc., Transfer of Empty Equipment, 32 M. C. C. 676; C. E. Hall & Sons, Inc., Contract Carrier Application, 24 M. C. C. 33, 36.

4. The Commission's brief states that the Commission presently has under consideration the question of prescribing regulations to govern the use by common and contract carriers of vehicles belonging to others with drivers employed by the owners, but makes no prediction as to what, if any, regulations will be prescribed.

5. Cf. Cotton v. Ship-By-Truck Co., 337 Mo. 270, 85 S.W.2d 80, 84.

The appellant urges that error was committed in excluding exhibit V for Identification, which was a letter written by Withers in which he forwarded to Johnson the summons and complaint in the present action "so that you may properly take care of it." This is claimed to indicate that the parties themselves construed the lease to impose on Johnson liability for the accident. Exclusion of the letter was plainly correct. The lease so clearly expressed the intention that Johnson's responsibility should end with the lease, that there was no ambiguity requiring construction by the parties. Moreover, the letter was only an ex parte construction by Withers in which Johnson never acquiesced.

Dismissal of the action as against Johnson Motor Lines, Incorporated is affirmed.