[S. F. No. 18647. In Bank. Oct. 7, 1952.]

JAMES ELI, a Minor, etc. et al., Respondents, v. LEO J. MURPHY et al., Defendants; CALIFORNIA MOTOR TRANSPORT COMPANY, LTD., Appellant.

Clark & Heafey, Edwin A. Heafey, Rankin, Oneal, Luckhardt, Center & Hall, Augustin Donovan and Louis B. De-Avila for Appellant.

James F. Boccardo, Jean M. Blum and Edward J. Niland for Respondents.

TRAYNOR, J.—Plaintiffs were seriously injured when the automobile in which they were riding was struck from behind by a tractor and semitrailer, driven by defendant James D. Murphy, and owned by defendant Leo J. Murphy, James's father and employer. At the time of the accident, the equipment was being used to transport freight from Los Angeles to Oakland under a contract between defendant California Motor Transport Company, a highway common carrier licensed by the Public Utilities Commission, and Leo J. Murphy. Plaintiffs brought this action against James and Leo Murphy and the California Motor Transport Company, hereinafter called C.M.T., for damages for their personal injuries.

The trial court instructed the jury that if it should find James liable to plaintiffs, it should also find against Leo and C.M.T. The jury returned verdicts in favor of the five plaintiffs totalling $35,500 against all defendants. Judgment was entered on the verdicts, but thereafter the trial court granted the motions of two of the plaintiffs for a new trial on the issue of damages alone. Neither of the Murphys has appealed, but C.M.T. has appealed from the judgment and from the order granting a new trial on the issue of damages alone. The only question presented is whether the trial court erred in instructing the jury that C.M.T. was liable for the negligence of the driver of the tractor and semitrailer.

C.M.T. contends that under the terms of its contract with Leo J. Murphy, the latter was an independent contractor, and that it is therefore not liable for the negligence of Murphy's employee. Plaintiffs, on the other hand, contend that under both the common law and certain regulations of the Public Utilities Commission, C.M.T., as a highway common carrier, could not delegate its duties to an independent contractor so as to escape liability for their negligent performance.

The common law principle upon which plaintiffs rely has been enunciated in section 428 of the Restatement of Torts,* and has frequently been applied to impose liability upon franchised common carriers who have engaged independent contractors to transport goods over the public highways. (*Venuto* v. *Robinson*, 118 F.2d 679, 682-683; *War Emergency Co-op. Ass'n* v. *Widenhouse*, 169 F.2d 403, 406-407; *Cotton* v. *Ship-By-Truck Co.*, 337 Mo. 270 [85 S.W.2d 80, 84]; see, also, *Brown* v. *L. H. Bottoms Truck Lines, Inc.*, 227 N.C. 229 [42 S.E.2d 71, 76]; *Costello* v. *Smith*, 179 F.2d 715, 717; anno., 16 A.L.R.2d 960, 961, note 2; Restatement in the Courts, Torts, § 428.) We have concluded that it is applicable here.

C.M.T., operating as a highway common carrier, is engaged in a "business attended with very considerable risk" (*Venuto* v. *Robinson, supra*; *Barry* v. *Keeler*, 322 Mass. 114 [76 N.E.2d 158, 164]; *Hodges* v. *Johnson*, 52 F.Supp. 488, 490), and the Legislature has subjected it and similar carriers to the full regulatory power of the Public Utilities Commission to protect

---

*"An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

the safety of the general public. (Pub. Util. Code, §§ 213, 761, 762, 768, 1062.) The effectiveness of safety regulations is necessarily impaired if a carrier conducts its business by engaging independent contractors over whom it exercises no control. If by the same device it could escape liability for the negligent conduct of its contractors, not only would the incentive for careful supervision of its business be reduced, but members of the public who are injured would be deprived of the financial responsibility of those who had been granted the privilege of conducting their business over the public highways. Accordingly, both to protect the public from financially irresponsible contractors, and to strengthen safety regulations, it is necessary to treat the carrier's duties as nondelegable. (*Liberty Highway Co.*, v. *Callahan*, 24 Ohio App. 374 [157 N.E. 708, 711]; *Stickel* v. *Erie Motor Freight, Inc.*, 54 Ohio App. 74 [6 N.E.2d 15,17]; see, also, *Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 604-605 [110 P.2d 1044], and cases cited.)

C.M.T. contends, however, that *Gaskill* v. *Calaveras Cement Co.*, 102 Cal.App.2d 120 [226 P.2d 633], establishes the rule in this state that a carrier is not liable for the conduct of an independent contractor engaged to transport freight over the highways. In that case, however, both the defendant and the independent contractor stood on an equal footing as contract carriers operating under permits from the Public Utilities Commission. Such carriers are not required to secure certificates of public convenience and necessity and they are not subject to the safety regulations the commission may establish for highway common carriers. They are entitled to permits as a matter of right on complying with the statutory provisions. (Pub. Util. Code, § 3572.) Thus the carriers in that case were engaged in a business open to all, and accordingly, the principle enunciated in section 428 of the Restatement of Torts was inapplicable.

The Legislature has, however, classified highway common carriers such as C.M.T. apart from others, and by so doing has indicated special concern with the safety of their operations. As pointed out by the Public Utilities Commission, "Under Sec. 42 of the Public Utilities Act, the Commission is given power to issue rules and regulations requiring every public utility to maintain and operate its system in such manner as to promote and safeguard the health and safety of its employees, customers and the public. In several instances, the provisions concerning the safety of operations, as set forth

in the Vehicle Code, are inapplicable to carriers coming within this Commission's safety jurisdiction. We have been mindful of the great number of traffic accidents on our highways resulting in death and injury to persons and damage to property.

"It is our conclusion that any trucking company, upon becoming a public utility under the Public Utility Act, should be expected to exhibit a high degree of performance in the field of safety and should expect to be required to observe rigid safety rules and regulations." (General Order No. 99, 51 Cal. P.U.C. 66, 68-69.)

In view of the more extensive and regular operations of highway common carriers as compared with others, the Legislature could reasonably conclude that the safety of their operations is of special importance and legislate accordingly. Highway common carriers may not, therefore, insulate themselves from liability for negligence occurring in the conduct of their business by engaging independent contractors to transport freight for them.

The conclusion we have reached makes it unnecessary to resolve the conflicting contentions of the parties with respect to General Order No. 93-A and Emergency Resolution No. 16 of the Public Utilities Commission.

The order granting the limited new trial to plaintiffs James Eli and Alfred L. Jackson is affirmed. The judgment for the other plaintiffs is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.