[Civ. No. 8266.   Third Dist.   Dec. 16, 1953.]

VERLIN P. LEHMAN et al., Appellants, v. ROBERTSON TRUCK-A-WAY (a Corporation), Respondent.

Mancuso, Herron & Winn for Appellants.

Theodore Tamba for Respondent.

SCHOTTKY, J. — Defendant Robertson Truck-A-Way, hereinafter referred to as "Robertson," was a common carrier by motor vehicle licensed under the Interstate Commerce Act, and was engaged in the transportation of motor vehicles

*Assigned by Chairman of Judicial Council.

by means of trucks and trailers or semitrailers. Defendants Harmon and Delaney, hereinafter referred to as "defendants," were the owners of a three-ton Dodge tractor. By an agreement dated November 1, 1950, the defendants Robertson, and Harmon and Delaney entered into a contract whereby this Dodge tractor was leased to Robertson to transport motor vehicles. A trailer owned by Robertson was to be hooked to the Dodge tractor, upon which trailer the vehicles to be hauled would be placed. The trailer was of such a nature that the Dodge tractor had to be specially fitted to accommodate it.

The agreement provided that it was to last for a term of one year, to continue thereafter until termination by either party by the giving of 30 days' notice to the other; that the Dodge tractor was to be used by defendants Harmon and Delaney exclusively to transport motor vehicles for Robertson; that said defendants were to maintain the tractor in first-class operating condition at all times; that the defendants were either to drive the tractor themselves or employ a qualified driver; that logs or records were to be kept by defendants on their transportation activities for Robertson; that defendants were to carry workmen's compensation at their own expense; that public liability and property damage insurance was to be placed on the Dodge tractor and trailer by Robertson, but to be charged to and paid for by defendants; that defendants were to be fully responsible for all vehicles placed with them for transportation; that Robertson was to pay the 3 per cent gross receipts tax, but same was to be deducted by it from the rental paid to defendants; that defendants were to be independent contractors and not agents or employees of Robertson.

Pursuant to the agreement defendants Harmon and Delaney undertook to transport vehicles for Robertson as directed by it. On the morning of February 17, 1951, the Dodge tractor and semitrailer were being operated in a westerly direction on United States Highway No. 40, approximately five miles east of Colfax, California, by one E. H. Lemond, a defendant herein, and admittedly an employee of defendants Harmon and Delaney. The unit was being returned empty by Lemond from a trip transporting vehicles to Idaho for Robertson. Plaintiffs were also traveling upon said highway in an easterly direction in an automobile driven by plaintiff Harold R. Hall. A collision occurred between the two vehicles whereby all of the plaintiffs sustained injuries.

By a complaint alleging the negligence of the defendants, plaintiffs instituted suit against Robertson, Delaney, Harmon, Lemond and various Does for damages.

The action was tried before a jury. A motion for a nonsuit by defendant Robertson was granted. The jury returned a verdict in favor of plaintiffs in varying amounts against defendants Harmon and Delaney. Plaintiffs have appealed from the judgment of nonsuit in favor of defendant Robertson Truck-A-Way and against all plaintiffs.

Two main questions are presented upon this appeal: (1) Were Harmon and Delaney agents and employees of Robertson, or were they independent contractors? (2) If Harmon and Delaney were independent contractors was the activity carried on by Robertson one which it could delegate?

Appellants have pointed to a number of parts of the record which they argue made the question of whether defendants Harmon and Delaney were agents and employees or independent contractors one for the jury to determine. However, we deem it unnecessary to discuss these contentions because we have concluded that the duties arising from the activity in which Robertson was engaged were duties which could not be delegated and it therefore becomes immaterial so far as this appeal is concerned, whether the relationship was that of agency, employment, or independent contractor.

Since the instant case was tried the case of *Eli* v. *Murphy,* 39 Cal.2d 598 [248 P.2d 756], has been decided by our Supreme Court. The court said at page 599:

"C.M.T. contends that under the terms of its contract with Leo J. Murphy, the latter was an independent contractor, and that it is therefore not liable for the negligence of Murphy's employee. Plaintiffs, on the other hand, contend that under both the common law and certain regulations of the Public Utilities Commission, C.M.T., as a highway common carrier, could not delegate its duties to an independent contractor so as to escape liability for their negligent performance.

"The common law principle upon which plaintiffs rely has been enunciated in section 428 of the Restatement of Torts,* and has frequently been applied to impose liability

---

*"'An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.'"

upon franchised common carriers who have engaged independent contractors to transport goods over the public highways. (*Venuto* v. *Robinson*, 118 F.2d 679, 682-683; *War Emergency Co-op. Ass'n* v. *Widenhouse*, 169 F.2d 403, 406-407; *Cotton* v. *Ship-By-Truck Co.*, 337 Mo. 270 [85 S.W.2d 80, 84]; see, also, *Brown* v. *L. H. Bottoms Truck Lines, Inc.*, 227 N.C. 229 [42 S.E.2d 71, 76]; *Costello* v. *Smith*, 179 F.2d 715, 717; anno., 16 A.L.R.2d 960, 961, note 2; Restatement in the Courts, Torts, § 428.) We have concluded that it is applicable here.

''C.M.T., operating as a highway common carrier, is engaged in a 'business attended with very considerable risk' (*Venuto* v. *Robinson, supra*; *Barry* v. *Keeler*, 322 Mass. 114 [76 N.E.2d 158, 164]; *Hodges* v. *Johnson*, 52 F.Supp. 488, 490), and the Legislature has subjected it and similar carriers to the full regulatory power of the Public Utilities Commission to protect the safety of the general public. (Pub. Util. Code, §§ 213, 761, 762, 768, 1062.) The effectiveness of safety regulations is necessarily impaired if a carrier conducts its business by engaging independent contractors over whom it exercises no control. If by the same device it could escape liability for the negligent conduct of its contractors, not only would the incentive for careful supervision of its business be reduced, but members of the public who are injured would be deprived of the financial responsibility of those who had been granted the privilege of conducting their business over the public highways. Accordingly, both to protect the public from financially irresponsible contractors, and to strengthen safety regulations, it is necessary to treat the carrier's duties as nondelegable. (*Liberty Highway Co.* v. *Callahan*, 24 Ohio App. 374 [157 N.E. 708, 711]; *Stickel* v. *Erie Motor Freight, Inc.*, 54 Ohio App. 74 [6 N.E.2d 15, 17]; see, also, *Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 604-605 [110 P.2d 1044], and cases cited.)''

While in the instant case appellant Robertson was a common carrier licensed under the Interstate Commerce Act, instead of under California law, the rule stated in Restatement and in *Eli* v. *Murphy* is nevertheless applicable. At least three cases have applied the restatement rule to holders of permits as common carriers in interstate commerce. These cases are almost factually alike to the instant case. They are *Venuto* v. *Robinson*, 118 F.2d 679; *Hodges* v. *Johnson*, 52 F.Supp. 488; *War Emergency Co-op Ass'n.* v. *Widenhouse*, 169 F.2d 403. In these three cases it was held that the duties

of one holding a permit to engage as a common carrier in interstate commerce were nondelegable, and that liability for the negligence of an independent contractor could be imposed upon the holder of the permit. Thus in the instant case, while factually Harmon and Delaney may have been independent contractors, still the duty which Robertson attempted to delegate to them was one which could not be delegated. Robertson was engaged in an activity only by virtue of the permit it held from the Federal Interstate Commerce Commission. The activity was one which involved an unreasonable risk of harm to others. (*Eli* v. *Murphy, supra; Venuto* v. *Robinson, supra; Hodges* v. *Johnson, supra; War Emergency Co-op Ass'n.* v. *Widenhouse, supra.*)

Respondent contends that appellants can find no comfort in the case of *Eli* v. *Murphy* because there was evidence that Harmon and Delaney were operating their truck under a license from the Interstate Commerce Commission. Respondent quotes from page 600 as follows:

"C.M.T., contends, however, that *Gaskill* v. *Calaveras Cement Co.,* 102 Cal.App.2d 120 [226 P.2d 633], establishes the rule in this state that a carrier is not liable for the conduct of an independent contractor engaged to transport freight over the highways. In that case, however, both the defendant and the independent contractor stood on an equal footing as contract carriers operating under permits from the Public Utilities Commission. Such carriers are not required to secure certificates of public convenience and necessity and they are not subject to the safety regulations the commission may establish for highway common carriers. They are entitled to permits as a matter of right on complying with the statutory provisions. (Pub. Util. Code, Sec. 3572.) Thus the carriers in that case were engaged in a business open to all, and accordingly, the principle enunciated in section 428 of the Restatement of Torts was inapplicable."

Respondent then argues that respondent and its codefendants stood on an equal footing as both had Interstate Commerce Commission permits and the codefendants a Public Utilities Commission permit, and that codefendants Harmon and Delaney were independent contractors over whom the Interstate Commerce Commission and the Public Utilities Commission exercised control, thus taking the instant case out of the rule of *Eli* v. *Murphy.*

This argument is ingenious but unconvincing. Respondent Robertson was a common carrier and defendants Harmon

and Delaney were transporting vehicles for Robertson. Even though Harmon and Delaney were independent contractors and were licensed by the Interstate Commerce Commission and the Public Utilities Commission, this would not allow respondent Robertson to escape liability for the negligent conduct of its contractors for the reasons stated in *Eli* v. *Murphy, supra.* The duties of respondent Robertson as a common carrier were nondelegable, and being nondelegable they could not be delegated to Harmon and Delaney even though said codefendants were licensed by the Interstate Commerce Commission and the Public Utilities Commission.

It follows from the foregoing that the court erred in granting a nonsuit as to respondent Robertson.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.