[Civ. No. 24778.   First Dist., Div. Three.   Mar. 20, 1969.]

LARRY KLEIN, Plaintiff and Appellant, v. JOHN R. LEATHERMAN, Defendant and Respondent; IONE FRANCIS MASKELL, as Executrix, etc., Defendant and Appellant.

McCarthy & Perillat and Timothy D. Regan, Jr., for Plaintiff and Appellant.

Spruance, Simonian & Pretzer and Arthur L. Pretzer for Defendant and Appellant.

Clark, Heafey & Martin and Chris G. Gasparich for Defendant and Respondent.

DAVID, J. pro tem.*—In a personal injury suit arising out of a multi-vehicle collision, judgment was given against Charles Maskell, asserted owner of a truck driven by one Souza, whose negligence was held to have proximately caused the injury. Judgment was denied as to John R. Leatherman, doing business as J & L Transit Company, for whom Souza's employers, California State Shippers, were subhauling at the time.

The judgment against Maskell must be reversed, and he shall have judgment. By virtue of Vehicle Code section 17156, one who retains title as security under a conditional sales contract is not liable as an "owner" under Vehicle Code section 17150. California State Shippers procured the vehicle in question by two contemporaneous agreements, one a typical conditional sales agreement, reserving title as security until paid out, the other entitled a lease agreement, whereby at the end of the term upon a payment of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

one dollar, title could pass. The truck was registered to California State Shippers, with Maskell named as legal owner. (Veh. Code, § 5602.) Not only did the trial court apparently disregard the injunction of Civil Code section 1642 that such written instruments were to be considered together, but erred as a matter of law in holding that the "lease" was not a conditional sale. ▮ By definition, a lease in which the bailee or lessee agrees to pay as compensation a sum substantially equivalent to the value of the property and is bound to become, or has the option of becoming the owner of the property, is a conditional sale. (Civ. Code, § 2981; 2 Williston, Sales (rev. 1948) § 336, pp. 296-298, citing *Lundy Furniture* v. *White*, 128 Cal. 170 [60 P. 759]; accord, *Bachenheimer* v. *Palm Springs etc. Corp.*, 116 Cal.App.2d 580, 589 [254 P.2d 153].)

Appellant Klein validly contends that Leatherman, doing business as J & L Transit Company, should be liable to him for the negligence of its subhauler, California State Shippers, employer of the negligent driver Souza. The judgment in favor of Leatherman must be reversed.

At the time of the accident, California State Shippers operated their truck on the public highways illegally (Pub. Util. Code, §§ 3517, 3571, 3801) since their permit had been revoked, and prior thereto, their required public liability insurance (Pub. Util. Code, § 3631) had been cancelled, impairing if not defeating Klein's ability to enforce the default judgment he secured against them in this action. Leatherman by engaging such a carrier likewise violates Public Utilities Code sections 3801 and 3802 by "procuring, aiding and abetting" its violation, if his claimed absence of knowledge of its status is not a defense.

Imputation of liability to the primary carrier for negligence of its subhauler under contract has hitherto been denied when the subhauler has been an independent contractor, not a common carrier. (*Gaskill* v. *Calaveras Cement Co.*, 102 Cal. App.2d 120 [226 P.2d 633].) It has been reluctantly held that a primary common carrier is not liable when its subhauler operates without a permit and without the required insurance. (*Gilbert* v. *Rogers*, 117 Cal.App.2d 712 [256 P.2d 574].)

In *Eli* v. *Murphy*, 39 Cal.2d 598 [248 P.2d 756], the Supreme Court held that a highway common carrier franchised by the Public Utilities Commission to transport freight cannot delegate its duty to independent contractors, so as to escape liability for their negligent performance. This rule is

said to be necessary both to protect the public from financially irresponsible contractors, and to strengthen safety regulations.

In *Gilbert* v. *Rogers, supra,* 117 Cal.App.2d 712, 714-715, the same appellate court which decided *Gaskill* v. *Calaveras Cement Co., supra,* was of the opinion that all of the considerations supporting the application of the nondelegable duty doctrine in *Eli* v. *Murphy, supra,* were equally applicable to highway contract carriers.

Appellant Klein agrees, and urges application of such considerations on this appeal. In *Gilbert,* however, the court noted that the Supreme Court had distinguished but not over-ruled the *Gaskill* case. Therefore the court felt compelled to apply it.

*Gaskill, supra,* was distinguished in *Eli* v. *Murphy, supra,* on the ground that exercise of the privileges granted by the *franchise* to a highway common carrier involves a risk of unreasonable harm to others, thus justifying the nondelegable duty doctrine under section 428 of the Restatement Second of Torts. The Supreme Court noted that contract carriers operate under *permit* rather than a franchise, thus not falling within the Restatement section.

One truck upon the highway tends to be like any other. It is difficult to discern wherein classification of the operation on the highway as a privilege under franchise, or as a right under a permit, changes the degree of protection required. This is all the more so, if as *Eli* v. *Murphy, supra,* states, the highway carrier under permit is not subject to the safety regulations imposed by the Commission.

In *Eli* v. *Murphy, supra,* (at p. 600) the issue was whether the nondelegable duty arose where both contract carriers held permits; and hence, were on an equal footing, the subcarrier being an independent contractor.

But in *Snyder* v. *Southern Cal. Edison Co.,* 44 Cal.2d 793, 799 [285 P.2d 912], the Supreme Court restated the premise: ''Where an activity involving *possible danger* to the public is carried on under public franchise or *authority* the one engaging in the activity may not delegate to an independent contractor the duties or liabilities imposed on him by the public authority. . . .'' (Italics supplied.) The court discussed the weakening foundations of the independent contractor distinction.

In two late cases, *Van Arsdale* v. *Hollinger,* 68 Cal.2d 245, 253 [66 Cal.Rptr. 20, 437 P.2d 508] and *Maloney* v. *Rath,* 69

Cal.2d 442 [71 Cal.Rptr. 897, 445 P.2d 513], the court has again noted that the independent contractor distinction, in apposition to *respondeat superior,* increasingly has been pungled by learned courts and writers, to the point where the exceptions have well-nigh vitiated the rule. In both of these late cases the Supreme Court again expanded the area of nondelegable duty of care in specific situations.

In consonance with the trend of such decisions, the facts and public policy involved in this case require us to hold that the duties of care of Leatherman (doing business as J & L Transit Company) as a radial common carrier (Pub. Util. Code, § 3516) and as a contract carrier (Pub. Util. Code, § 3517) were nondelegable; and that he is chargeable with the negligence of California State Shippers and its driver, Souza. At the time of the injury to Klein, California State Shippers had forfeited its legal permission to operate on the highways. Therefore, its performance can only be legalized by inferring California State Shippers was an agent of Leatherman, operating under his permit. (Cf. *Alford* v. *Bello,* 130 Cal.App.2d 291, 293-295 [278 P.2d 962]; *Williams* v. *Stauffer Chemical Co.,* 146 Cal.App.2d 322, 324-325 [304 P.2d 141].) A highway contract carrier engaging another as a subhauler thus is under a practical compulsion to verify that the subhauler possesses an unrevoked permit and the required insurance coverage. This is in the public interest, as well as his own. If the subhauler has complied, the monetary liability under the nondelegable duty may be eliminated, or diminished, pro tanto. If the subhauler has not complied, it is presumed that an arrangement for subhauling will not be made in the first place. If such an arrangement is made, both he who violates the law and the one who procures it are penally liable. (Pub. Util, Code, § 3801.) In this case, if Leatherman is subjected to liability for the negligence of California State Shippers, and its driver Souza, he is entitled to indemnity and his action over to enforce it.

The judgment against appellant Charles Maskell, doing business as Maskell Oil Company, is reversed, with directions to enter judgment for him, with costs.

The judgment in favor of John R. Leatherman, doing business as J & L Transit Company, is reversed with directions to enter judgment for appellant Klein, with costs to him.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied April 14, 1969, and the judgment was modified to read as printed above. The petitions of the plaintiff and appellant and of the defendant and respondent for a hearing by the Supreme Court were denied May 14, 1969.