**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD SELLERS,

            Plaintiff-Appellant,

  v.

UNITED STATES OF AMERICA,

            Defendant-Appellee.

No.   18-56526

D.C. No.
2:18-cv-03183-PA-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 3, 2020[**]
Pasadena, California

Before:  IKUTA and LEE, Circuit Judges, and MARBLEY,[***] District Judge.

Richard Sellers appeals the district court's judgment dismissing his claims

for lack of subject matter jurisdiction.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Algenon L. Marbley, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

Because Express Alliance is an independent contractor with the United States, and the Federal Tort Claims Act does not waive the government's immunity from suit for the negligent or wrongful acts of an independent contractor, *see* 28 U.S.C. § 1346(b)(1); *Logue v. United States*, 412 U.S. 521, 528 (1973), we lack subject matter jurisdiction over Sellers's claim that the government is vicariously liable for Express Alliance's negligent actions.

Nor is the government liable for Express Alliance's negligence under California's peculiar risk doctrine. *See Bowman v. Wyatt*, 186 Cal. App. 4th 286, 309 (2010). Driving does not involve a peculiar risk because it is a "normal, routine matter of customary human activity." Restatement (Second) of Torts § 413 cmt. b. And Sellers gives no indication that Express Alliance's vehicles, the items that they transported, or the routes that they drove created special dangers. *Bowman*, 186 Cal. App. 4th at 308–09; *Am. States Ins. Co. v. Progressive Cas. Ins. Co.*, 180 Cal. App. 4th 18, 31 (2009). Similarly, the peculiar risk doctrine does not give the government a nondelegable duty to ensure that Express Alliance used safe procedures in its retention of drivers, because making retention decisions about drivers is not inherently dangerous. *See* Restatement (Second) of Torts, § 413.

Sellers' argument that the government had a nondelegable duty under California's public franchise doctrine also fails. *See Serna v. Pettey Leach*

2

*Trucking, Inc.*, 110 Cal. App. 4th 1475, 1486 (2003); *Eli v. Murphy*, 39 Cal. 2d 598, 600 (1952). This doctrine applies only to carriers who undertake an activity under a public franchise, and the government here is not a carrier and does not require government permission for its operations. *See Serna*, 110 Cal. App. 4th at 1486; *Murphy*, 39 Cal. 2d at 599.

Finally, because California does not impose liability on the party that hires an independent contractor for that contractor's acts or omissions in the absence of a nondelegable duty, *see Edison v. United States*, 822 F.3d 510, 519 (9th Cir. 2016), the government is not liable under California law for Express Alliance's retention decisions. Moreover, because the government's decision to use Express Alliance as an independent contractor is not barred by any federal statute, regulation, or policy, *see Berkovitz v. United States*, 486 U.S. 531, 536 (1988), and is susceptible to policy balancing, *see United States v. Gaubert*, 499 U.S. 315, 325 (1991), the discretionary function exception to the FTCA also bars Sellers' direct claim against the Government, *see* 28 U.S.C. § 2680(a).

**AFFIRMED.**